Consolidated Coal Co. v. Bokamp.

---

## Consolidated Coal Company v. Frank Bokamp.

1. BILL OF EXCEPTIONS—*Practice on Motions to Amend.*—It is competent for the court by an order at the same time to adjudge that a bill of exceptions does not contain all the testimony produced upon the trial, and to order it amended in accordance with the truth of the matter, but an order that the testimony produced upon the hearing of the motion to amend, and upon which the party seeking to amend, re-

lied to convince the judge that the bill did not contain all the evidence, should be made a part of the transcript of the testimony in the bill of exceptions, is not sufficient to effect an amendment of the bill, there being no finding of the judge upon the vital question.

2. INSTRUCTIONS—*Must be Based upon Evidence in the Case.*—In the absence of proof of a material fact, it is error to give an instruction upon it. Instructions must be based upon evidence in the case.

Actions, for personal injuries. Appeal from the Circuit Court of Macoupin County; the Hon. ROBERT B. SHIRLEY, Judge, presiding. Heard in this court at the May term, 1896. Reversed and remanded. Opinion filed November 21, 1896.

CHARLES W. THOMAS, attorney for appellant.

A. N. YANCEY and PEEBLES & PEEBLES, attorneys for appellee.

MR. PRESIDING JUSTICE BOGGS DELIVERED THE OPINION OF THE COURT.

The judgment appealed from was in favor of appellee for damages sustained because of personal injuries received, by reason of alleged negligent failure of appellant company to properly support the roof of an entry or passage way in one of its mines in which appellee was engaged at work as its employe.

The appellee had knowledge of the alleged insufficient and dangerous condition of the timbers which constituted the support of the roof and of the peril to which he was thereby exposed.

His counsel sought to avoid the imputation he was guilty of a lack of ordinary care in continuing at work in a place of known danger, by procuring to be given to the jury the following instruction, viz.:

"1.   The court instructs the jury for the plaintiff that if they believe from the evidence that the plaintiff was in the employment of the defendant, and was working under the orders and by the direction of the 'pit boss,' or other officer or agent in charge of said coal mine, and that the plaintiff discovered defects in the supports of the roof over the

roadway over which the plaintiff was required to run the coal cars of the defendant, and that he notified the ' pit boss,' or other agent or employe of said defendant then and there in charge of the defendant's coal mine, of the existence of such defects, and of the dangerous condition of the supports of the roof of said mine, and that said 'pit boss,' agent or employe of the defendant then in charge of the said mine, promised the plaintiff to repair the same so as to render the same safe, and then the plaintiff, relying upon such promise to repair, continued to work at the part of said mine where said defect in said roof was situated (if the jury believe from the evidence that any such defects existed) and that the defendant did not, within a reasonable time after notice of such defects, repair the same so as to render the same reasonably safe, and the injuries sustained by the plaintiff (if the jury believe from the evidence that the plaintiff was injured), resulted from the defects in said mine which the plaintiff had called attention to, and which the defendants had promised to repair, then the jury should find the issues for the plaintiff provided the jury believe from the evidence that the plaintiff was at the time of injury in the exercise of reasonable care for his own safety."

It is conceded it does not appear from the transcript of the testimony incorporated in the bill of exceptions signed and sealed by the judge, any proof was made that any employe of the company promised appellee the " defects in the supports of the roof," should be " repaired" or " rendered safe."

After the bill of exceptions had been signed, but during the same term of court at which the case was tried, a motion was made to amend the bill of exceptions and the following order was entered by the court, viz.:

" Be it remembered that on this 30th day of April, 1896, a dispute having arisen between counsel as to what the plaintiff, Bokamp, testified to on the trial of this cause respecting a promise on the part of the master to repair the place complained of in the declaration, and the judge who presided at the trial having no recollection of such statement, and it

appearing to the court that the official stenographer of the court took notes of the evidence during the trial, and that nothing appears in her notes of such evidence and the said stenographer stating that she has no recollection of it, it is ordered by the judge that the said plaintiff, Bokamp, upon the motion of the plaintiff, be recalled to testify as to what he did testify respecting such fact on the trial, to which action of the court the defendant, by its counsel, objects, and objects to the hearing of such statement by the court, which objection the judge overrules, to which ruling the defendant excepts."

" Frank Bokamp, being recalled, in answer to interrogatories propounded by Judge Shirley, testified as follows :" (Here follows a number of interrogatories and cross-interrogatories and the answers of appellee thereto.)

" It is ordered by the judge that the statements here made by the witness Bokamp, as to what he testified to on the trial, be made a part of the transcript of his evidence; to which order the defendant, by its counsel, objects; which objection is overruled and defendant excepts."

It was competent for the court, by an order entered at the same term of the court, to adjudge the bill of exceptions did not contain all the testimony produced upon the trial and to order it amended in accordance with the truth of the matter.

But the difficulty is, the court did not order the bill of exceptions should be amended, but only that the testimony produced upon the hearing of the motion to amend and upon which appellee relied to convince the trial judge the bill did not contain all the evidence, should be made a part of the transcript of appellee's testimony in the bill of exceptions.

We have here a record showing the trial judge had no recollection that the appellee testified to a promise and that the notes of the official stenographer did not show he so testified, and the testimony of the appellee, taken on the hearing of the motion to amend the bill of exceptions, to the effect he did state, when testifying as a witness at the trial,

that the promise was made, and that he had not been influenced by any one since the trial to make the latter statement, but we have no finding of the court upon the vital question.

We have, therefore, a bill of exceptions from which it does not appear the promise was given, and the evidence submitted to the court upon the hearing of a motion to amend the bill in that respect.

It is not our province to determine what testimony was heard by the jury.

The trial court must settle that by a bill of exception, and by that we are to be governed.

In the absence of proof of a promise as claimed, it was error to give the instruction herebefore set out.

No other instruction was given advising the jury as to the right of the ground of the right of appellee to recover.

Other instructions which were given related solely to the tests which the jury should apply in passing upon the competency of witnesses and in determining as to the weight of their testimony and as to the elements of damages proper for consideration.

The recovery, therefore, rested upon an instruction which we are required to hold was not supported by any testimony.

For the error in giving it we must, in the condition we find the record, reverse the judgment and remand the case.